UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Terrence Duff,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　-v-<br><br>Northwell Health Inc - Syosset Hospital; North Shore - LIJ Health System Inc; Target Corporation Inc,<br><br>　　　　　　　　　　Defendants. | 2:24-cv-5683<br>(NJC)(ARL) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is pro se plaintiff Terrence Duff's ("Duff") Motion for Default Judgment as against Defendant Target Corporation Inc ("Default Judgment Motion"). (Default Mot., ECF No. 18.) For the reasons that follow, the Court denies the Default Judgment Motion without prejudice.

## BACKGROUND

On April 5, 2024, Duff filed a pro se complaint in the Supreme Court for the State of New York, Queens County, as against Northwell Health. (Summons Compl., ECF No. 1-1.) By Notice of Removal filed on August 14, 2024, Northwell Health, Inc. removed the action to this Court. (*See* Not. of Removal; ECF No. 1.) As relevant here, on February 11, 2025, Duff filed an Amended Complaint naming Northwell Health Inc - Syosset Hospital ("Northwell"), North Shore - LIJ Health System Inc ("North Shore"), and Target Corporation Inc ("Target" and together, "Defendants") as the Defendants. (*See* Am. Compl., ECF No. 13.) On February 13, 2025, Duff filed a "corrected" Amended Complaint that continued to name these three Defendants. (*See* Second Amended Complaint ("SAC"), ECF No. 14.) On February 18, 2025,

Duff filed an Affidavit of Service reflecting that, on February 16, 2025, Nathaniel Duff served Target by handing the Amended Complaint to "someone who identified to be the Recipient's co-worker and state their name is Natalie" at 112 W. 34th St., New York, NY 10120. (Aff. Service, ECF No. 15.)[1] On March 13, 2025, Duff filed the Default Judgment Motion. (ECF No. 18.) Duff's two-page submission recites that "An Amended Complaint was Served to Target Corporation Inc on February 16, 2025" and "Target Corporation Inc. failed to respond since being served over 21 days ago with Amended Complaint." (*Id.* ¶¶ 2, 6.)

## DISCUSSION

### I. The Default Judgment Motion

Pursuant to Local Civil Rule 7.1(a)(2)–(3), all motions, including one for entry of a default judgment, must include a memorandum of law and supporting affidavits and exhibits. Local Civil R. 7.1(a)(2)–(3). Local Civil Rule 55.2(a) requires that a default judgment motion also include a proposed order detailing the proposed judgment. Local Civil R. 55.2(a). Further, Local Civil Rule 55.2(a) also requires: (i) that the Clerk's certificate of default be attached to the application for a default judgment; (ii) that a copy of the claim to which no response has been made be attached to the application for a default judgment; and (iii) that all papers submitted to the Court are simultaneously mailed to the party against whom a default judgment is sought, with a certificate of service filed with the Court. *See* Local Civil R. 55.2(a); *see also Pompey v. 23 Morgan II, LLC*, No. 16-cv-2065, 2017 WL 1102772, at *3 (E.D.N.Y. Feb. 13, 2017); *Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-cv-5475, 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015). In addition, a motion for a default judgment made to this Court shall be made in

---

[1] Excerpts from the Complaint have been reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

2

accordance with the procedure set forth in "Attachment A" to the Individual Rules of the undersigned. *See* Individual Rule 5.8 ("A plaintiff seeking a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure must proceed by way of a Motion for Default Judgment pursuant to the procedure set forth in Attachment A.").

Here, as is readily apparent, Duff has not complied with any of these procedural requirements. (*See* ECF No. 18, *in toto*.) Critically, Duff has not obtained a Certificate of Default from the Clerk's Office—nor can he, given the defects in service discussed below.

## II.   Service Pursuant to Federal Rule of Civil Procedure 4

Under Rule 4(h)(1) of the Federal Rules of Civil Procedure, a corporation must be served either:

> (1) in the manner prescribed by [the law for serving a summons on an individual of either the state in which the district court is located or the state in which the individual is located]; or
>
> (2) by delivering a copy of the summons and of the complaint to an officer, or . . . agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h)(1); *see also* Fed. R. Civ. P. 4(e)(1). Under New York law, "[p]ersonal service upon a corporation . . . shall be made by delivering the summons . . . upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311(a).

A business corporation may also be served pursuant to New York Business Corporation Law § 306(b)(1), which permits a party to serve a domestic or authorized foreign corporation either by "personally delivering" the summons to the New York secretary of state or by "[e]lectronically submitting a copy of the process to the department of state . . . through an

3

electronic system operated by the department of state, provided the domestic or authorized foreign corporation has an email address on file in the department of state . . . . N.Y. Bus. Corp. L. § 306(b)(1); *see also* N.Y. C.P.L.R. § 311(a)(1).

Here, the affidavit of service[2] does not reflect that Target was properly served. (*See* ECF No. 15.) To be sure, the affidavit of service fails to show that the summons was served together with the Amended Complaint as required by Federal Rule of Civil Procedure 4(c)(1). A review of the docket reflects that Duff has not presented a proposed summons for Target to the Clerk of Court and such a summons has not been issued, meaning it is impossible for Target to be properly served.

Moreover, service upon "Natalie" does not comport with the Federal Rules of Civil Procedure's requirements set forth above. "In tendering service, the process server may rely upon the corporation's employees to identify the individuals authorized to accept service" on behalf of the corporation. *Burton v. Wells Fargo Bank, N.A.*, 738 F. Supp. 3d 272, 298 (E.D.N.Y. 2024). "As long as the process server's reliance on corporate personnel is reasonable, the defendant may not later complain that it lacked notice even if the complaint was mistakenly delivered to a person who was not authorized to accept service." *Id*. However, a plaintiff fails to establish service on a corporation where an affidavit of service fails to explain the basis for the deponent's conclusion that the person served was authorized to accept service on behalf of the corporation. *See id*. (finding that the plaintiff failed to establish service where the Court could not "discern" from the affidavit of service "what steps, if any, the process server took to

---

[2] Notably, although the document is entitled "Affidavit of Service" it is unsworn and, thus, is a declaration given that the process server "declare[d] under penalty of perjury" that the content of the document is true and correct.

4

conclude that the [purported agent] was authorized to accept service of process."); *see also Feng Lin v. Quality Woods, Inc.*, No. 17-cv-3043, 2019 WL 1450746, at *5 (E.D.N.Y. Jan. 28, 2019) (finding that the affidavits of service "contain[ed] insufficient facts upon which a presumption of correct service could be based" where the affidavits did not state how the deponent knew that the purported agent was authorized to accept service); *Tung v. Hemmings*, No. 19-cv-5502, 2021 WL 4147419, at *3 (E.D.N.Y. Sept. 13, 2021) ("Courts in this circuit consistently decline to find affidavits adequate to establish service on a corporate defendant when the individual served is not identified and the affidavit fails to explain the basis for the affiant's conclusion that the individual served was authorized to accept service for the corporation.").

For all of these reasons, Duff has not established that Target has been properly served.

## CONCLUSION

For the reasons stated above, Duff's Default Judgment Motion (ECF No. 18) is denied without prejudice. The Clerk of the Court shall mail a copy of this Order to Duff at his address of record and shall record such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
       April 29, 2025

       /s/ Nusrat J. Choudhury
       NUSRAT J. CHOUDHURY
       United States District Judge

5