FILED
CLERK

08/26/2025

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
TERRENCE DUFF,

                        Plaintiff,         **ORDER**
                                     CV 24-5683 (NJC)(ARL)
    -against-

NORTHWELL HEALTH INC – Syosset
Hospital, NORTH SHORE – LIJ HEALTH
SYSTEM INC, TARGET CORPORATION
INC,

                        Defendants.
---------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

    Before the Court are two motions filed by Plaintiff Terence Duff ("Plaintiff"). First, Plaintiff has sought permission to serve subpoena duces tecum on four non-party witnesses by email. ECF No. 21. Next, Plaintiff has filed a motion seeking an order compelling Northwell Health, Inc. ("Northwell") and North Shore University Hospital ("NSUH" and together with Northwell, "Defendants"), to produce communications between various NSUH employees and his estranged wife, Elsa Santos. ECF No. 22. Defendants have responded to the motion regarding service and have opposed the motion to compel. ECF Nos. 23, 24. For the reasons set forth below, Plaintiff's motion to authorize alternative service is denied and Plaintiff's motion to compel is granted, in part, denied in part.

    First, with respect to Plaintiff's motion for alternative service, Defendants have offered to accept service on behalf non-parties Valdas Buozys, Anthony Cotillo, Edward Salley, and have suggested Plaintiff direct the subpoenas to Defendants' Human Resource Department at:

    Syosset Hospital
    Human Resources Department
    221 Jericho Turnpike
    Syosset, NY 11791

ECF No. 23.  Plaintiff is directed to do so within 14 days of the date of this order.  With respect to non-party Joseph Medard, Defendants state that he is no longer employed by Defendants and they have offered to provide his last known address.  Defendants are directed to provide Plaintiff the last know address for Joseph Medard within seven days of the date of this order.  Plaintiff may serve the subpoena by certified mail.

Next, Plaintiff has filed a motion to compel the production of all communications between Defendants and Elsa Santos and for sanctions.  ECF No. 22.  Plaintiff argues that despite Defendants representation that no documents exist, there is an "unmistakable pattern of communication and timing coordination between Northwell Health employees and Ms. Santos." *Id*. at 22. Defendants oppose the motion, arguing that Plaintiff has been informed that no documents responsive to his requests exist. ECF No. 24. Defendants further argue that even if responsive documents did exist, "Plaintiff can make no demonstration that alleged communications with his estranged wife bear on any of Plaintiff's race discrimination and "protected activity" retaliation claims, or any defense proffered by Defendants to such claims." *Id*.  Indeed, as noted by Defendants, they cannot be compelled to produce that which does not exist.  However, Plaintiff has requested a sworn statement from Matthew Rafferty and Ryan Schmit, NSUH employees, confirming that no communications between either of them and Ms. Santos, relating to Plaintiff's claims of discrimination and retaliation ever existed.  Since Defendants have already represented to the Court that no documents exist, the Court will grant this request in an effort to move this action forward.  Defendants shall provide Plaintiff a sworn statement from Matthew Rafferty and Ryan Schmit, indicating that a good faith search for responsive documents has been conducted and that no responsive documents have been located.

Plaintiff has also requested permission to have a digital forensic expert examine the "relevant devices and communication platforms used by Northwell Health." ECF No. 22 at 28. "Forensic examinations of computers and cell phones are generally considered a drastic discovery measure because of their intrusive nature." *Aminov v. Berkshire Hathaway Guard Ins. Companies*, No. 21-CV-479 (DG)(SJB), 2022 U.S. Dist. LEXIS 48473, 2022 WL 818944, at *1 (E.D.N.Y. Mar. 3, 2022) (quoting *Stewart v. First Transit, Inc.*, Civ. No. 18-3768, 2019 U.S. Dist. LEXIS 239381, 2019 WL 13027112, at *1 (E.D. Pa. Sept. 3, 2019)).  However, "[i]t is well-settled that 'discrepancies or inconsistencies in the responding party's discovery responses may justify a party's request to allow an expert to create and examine a mirror image of a hard drive.'" *Schreiber v. Friedman*, No. 15-CV-6861, 2017 U.S. Dist. LEXIS 228087, 2017 WL 11508067, at *5 (E.D.N.Y. Aug. 15, 2017) (quoting *Ameriwood Indus., Inc. v. Liberman*, No. 06-CV-524-DJS, 2006 U.S. Dist. LEXIS 93380, 2006 WL 3825291, at *4 (E.D. Mo. Dec. 27, 2006)).  Plaintiff has not offered anything other than sheer speculation to justify this drastic remedy and therefore no examination shall be ordered.

Plaintiff's motion for sanctions is denied.  Plaintiff has failed to demonstrate that sanctions are warranted here.

Dated:  Central Islip, New York
            August 26, 2025

**SO ORDERED:**

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge

3