**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Terrence Duff,<br><br>       Plaintiff,<br><br>  -v-<br><br>Northwell Health Inc - Syosset Hospital; North Shore - LIJ Health System Inc; Target Corporation Inc,<br><br>       Defendants. | 2:24-cv-5683<br>(NJC) (ARL) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

For the reasons that follow, the Court dismisses Defendant Target Corporation Inc ("Target") without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On April 5, 2024, Plaintiff Terrence Duff filed a pro se complaint in the Supreme Court for the State of New York, Queens County, as against Northwell Health. (Summons Compl., ECF No. 1-1.) By Notice of Removal filed on August 14, 2024, Northwell Health, Inc. removed the action to this Court. (*See* Not. of Removal; ECF No. 1.) On February 11, 2025, Duff filed an Amended Complaint naming Northwell Health Inc - Syosset Hospital ("Northwell"), North Shore - LIJ Health System Inc ("North Shore"), and Target Corporation Inc ("Target" and together, "Defendants") as the Defendants. (*See* ECF No. 13.) On February 13, 2025, Duff filed the "corrected" Amended Complaint that continued to name these three Defendants. (*See* Am. Compl., ECF No. 14.)

On February 18, 2025, Duff filed an Affidavit of Service reflecting that, on February 16, 2025, Nathaniel Duff served Target by handing the Amended Complaint to "someone who identified to be the Recipient's co-worker and stated their name is Natalie" at 112 W. 34th St., New York, NY 10120. (Aff. Service, ECF No. 15.)[1] On March 13, 2025, Duff filed the Default Judgment Motion against Target. (ECF No. 18.)

On April 29, 2025, the Court denied the Default Judgment Motion, finding that Target was not properly served with the Amended Complaint. (ECF No. 19 at 4.) The Court noted that "Duff has not presented a proposed summons for Target to the Clerk of Court and such a summons has not been issued, meaning it is impossible for Target to be properly served." (*Id.*) The Court also noted, that even if a summons had been issued, "service upon 'Natalie' does not comport with the Federal Rules of Civil Procedure's requirements." (*Id.*)

More than five months later, on October 2, 2025, the Court held a status conference and "heard from [Duff] concerning his failure to serve . . . Defendant Target . . . with the Amended Complaint within 90 days as required by Fed. R. Civ. P. 4(m)." (Min. Entry, Oct. 2, 2025.) Finding that Duff "showed good cause for his failure to serve in that he was unable to pay the required mailing costs[,] [t]he Court granted [Duff] a final extension of time to serve the Amended Complaint upon Target." (Min. Entry, Oct. 6, 2025.) The Court ordered Duff to "serve Target by October 9, 2025." (*Id.*) The Court warned Duff that if he "fail[ed] to serve Target by October 9, 2025, [his] claims against Target will be dismissed without prejudice under Fed. R. Civ. P. 4(m)." (*Id.*)

---

[1] Excerpts from the Complaint have been reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

**LEGAL STANDARDS**

Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Here, Duff has failed to properly serve Target with the Amended Complaint despite filing the Amended Complaint more than eight months ago. (Am. Compl.) The Court first alerted Duff that he failed to properly serve Target through the Court's April 29, 2025 Order, which denied the Motion for Default Judgment against Target. (ECF No. 19 at 4–5.) The Court informed Duff that he needed to present a proposed summons for Target to the Clerk of Court and have the Clerk of Court issue a summons that Duff could then serve on Target with the Amended Complaint. (*Id.* at 4.) The Court outlined how Duff may properly serve Target, a corporation, with an issued summons and the Amended Complaint under Rule 4, Fed. R. Civil. P., and New York law. (*Id.* 3–4.) Although nearly six months passed since the Court's April 29, 2025 Order, Duff has failed to present a proposed summons for Target to the Clerk of Court.

During the October 2, 2025 conference, the Court granted Duff an extension of time to serve the Amended Complaint by October 9, 2025, finding Duff had shown good cause to merit an extension, specifically, his inability to pay for service. (Min. Entry, Oct. 6, 2025.) Since then, however, Duff has again failed to present a proposed summons for Target to the Clerk of Court, making it impossible for Duff to serve Target properly. Furthermore, Duff has not communicated with the Court regarding service of the Amended Complaint on Target since the October 2, 2025 status conference, despite filing a discovery-related motion on the docket. (*See* ECF No. 40.)

3

In light of Duff's continued failure to properly serve Target with the Amended Complaint despite repeated warnings by the Court and a final extension of the deadline to do so, the Court dismisses Target without prejudice pursuant to Rule 4(m).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Duff at his address of record and to record such mailing on the docket.

Although Duff is not proceeding in forma pauperis, the Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: Central Islip, New York
       October 24, 2025

      */s/ Nusrat J. Choudhury*
      NUSRAT J. CHOUDHURY
      United States District Judge